[Civ. No. 2612.  Second Appellate District, Division One.—December 31, 1918.]

## DON W. CARLTON, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

Negligence — Finding of Contributory Negligence — Evidence—Appeal.—In an action for damages for negligence in running into and injuring plaintiff's automobile, a finding that plaintiff was guilty of contributory negligence cannot be disturbed on appeal, where such finding was supported by substantial evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Oscar C. Mueller, Alfred Wright and William W. Lovett, Jr., for Appellant.

Frank Karr, R. C. Gortner, A. W. Ashburn and W. R. Millar for Respondent.

JAMES, J.—Plaintiff prosecuted this action for the purpose of securing damages caused to him by reason of a collision which occurred in December, 1913, between an automobile which the plaintiff was driving and a car of the defendant corporation. The damages sought to be recovered were the cost of repairs to the automobile. The accident occurred at the intersection of two streets. It was alleged that the defendant was negligent in the operation of its car. The court, sitting without a jury, made its findings of fact, in

which it determined that, while the servant of the defendant was negligent in not looking in the direction from which plaintiff was coming, plaintiff was guilty of such contributory negligence as to bar recovery of damages. The appeal is from the judgment as entered and from an order denying to plaintiff a new trial.

At the point where the accident occurred, North Broadway Street, in the city of Los Angeles, runs in a north and south direction. Daly Street, upon which the tracks of defendant are located, extends easterly and westerly. North Broadway is a paved street. At the time of and just prior to the accident rain had been falling and the pavement was wet. Plaintiff was proceeding northerly along the easterly side of Broadway. The car of the defendant came from the west on Daly Street and crossed Broadway, on the south side of which it struck the automobile of the plaintiff. The right front corner of the street-car struck the left front door of the automobile. Before the street-car was stopped, the automobile had been carried along seven or eight feet into the entrance of Daly Street. The occupants of the car were uninjured. We are asked on this appeal to say that the court was not justified in finding that the plaintiff was guilty of contributory negligence. After a careful reading of the entire transcript of the testimony, we conclude that it cannot be said that there was no substantial evidence to support the finding. This court has no function to weigh testimony or to resolve conflicting circumstances shown in proof. We can only look into the record for the purpose of ascertaining whether any testimony was furnished which would warrant conclusions to be drawn as the court has made them. At the point where the accident occurred the plaintiff, from the side of Broadway on which he was traveling, had the remaining width of that street between him and the corner from which the car emerged, to observe the car which struck him. He testified that when about twenty-two feet from the rail nearest him of the track upon which the car traveled he first saw the car at a standstill at the entrance of Daly Street into Broadway, and that he saw it start up; that the motorman could have seen him easily, had he looked, and that had the motorman slowed down his car or stopped, plaintiff could have made the crossing without mishap. Observing the car continue on its

course, and it being too late to cross in front of it, plaintiff testified that he endeavored to swing into Daly Street to the east and had partially succeeded when the right front corner of the car struck the left door of the automobile. He testified that he was going about six or seven miles per hour, and that he thought the car was going about the same rate. There was other testimony that plaintiff was traveling fourteen or fifteen miles per hour, and that the car made the crossing at three or four miles per hour. There was testimony that plaintiff's automobile skidded sidewise into the street-car, striking it almost broadside. Plaintiff testified that he heard no alarm sounded by the car as it emerged from Daly Street into Broadway; the motorman and conductor testified that the gong was sounded twice. As has been before noted, it was shown without dispute that the pavement was wet and consequently, we may assume the court concluded, slippery. Plaintiff testified that he had almost new "nonskid" tires on his rear wheels and that up to that point, at least, he had been able to control his car without skidding. The fact that the automobile did skid, however, appeared by some of the testimony. This brief summary of the evidence, we think, is sufficient to show that the finding of the court as to the contributory negligence of the plaintiff does not lack for support. The minds of men may differ as to the conclusion on the matter as to whether, under a given set of circumstances, a person has acted with reasonable care. In the field of negligence it is an unusual case, indeed, which presents as to that matter such a clear and unconflicting state of facts as to compel a single conclusion.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.